UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

```
IN THE MATTER OF THE SEARCH OF ANY )
AND ALL ACCOUNTS HELD IN THE NAME  )    Misc. No.
OF BRUCE ALLEN SCHIFFER, screen    )
names, brucerocksdc@aol.com,       )
brucerocksnn@aol.com, and          )
aboizworld@aol.com MAINTAINED      )
AT AMERICA ONLINE, INC.            )
22000 AOL WAY                      )
DULLES, VIRGINIA 20166             )
```

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

_____     I, Audrey McNeill, ("Your affiant"), a Special Agent (SA) with the Federal Bureau of Investigation (FBI), Washington, D.C. Field Office, being duly sworn, depose and state as follows to wit:

1.    This affidavit is in support of a search warrant application for America Online ("AOL"), 22000 AOL Way, Dulles, Virginia.  Your affiant seeks authority to search for all AOL records described in paragraph 2 below for the following accounts:  (1)  all accounts associated with screen names "brucerocksdc", "brucerocksnn" and "aboizworld"; (2) all accounts associated with or subscribed to by BRUCE ALLEN SCHIFFER, P.O. BOX 33511, Washington, D.C. 20033, telephone number (202)297-9178; (3) all accounts associated with or subscribed to by BRUCE ALLEN SCHIFFER, 1815 10th Street, N.W., Washington, D.C., 20001.

2.    Your affiant seeks authority to search for the following records and stored electronic information related to the accounts described in paragraph 1 above: (1) subscriber

information (including subscriber names, addresses, telephone records, records of session times and durations, length of service and types of service utilized, telephone or instrument numbers or other subscriber numbers or identities, including any temporarily assigned network addresses, including internet protocol ("IP") addresses; screen names, account numbers, status of account, duration of account, and method of payment); (2) account history (including customer Terms of Service and staff complaints); (3) detailed billing records (including date, time, duration, and screen name used each time a particular account was activated); (4) the existence and content of all "favorite" sites, whether saved or deleted; (5) "chat" communications sent by or received by the accounts, whether saved or deleted; (6) e-mail sent by or received by the accounts, whether saved or deleted, opened or unopened, whether contained directly in the e-mail account or in a customized "folder;" (7) any and all "profiles" for account screen names, whether saved or deleted; and (8) any and all AOL "address books" and/or "buddy lists" maintained by the accounts.  Your affiant submits there is probable cause to believe that this information constitutes evidence and/or fruits and instrumentalities of a criminal offense, namely violations of 18 U.S.C. § 2252.

    3.    18 U.S.C. § 2252, in relevant part, makes it unlawful to "knowingly transport[] in interstate commerce by any means

2

including by computer . . any visual depiction if the producing

of such visual depiction involves the use of a minor engaging in

sexually explicit conduct and such visual depiction is of such

conduct" and makes it unlawful to "knowingly receive[] . . . any

visual depiction that has been mailed, or has been shipped or

transported in interstate or foreign commerce, or which contains

materials that have been mailed or so shipped or transported by

any means including by computer . . . if the producing of such

visual depiction involves the use of a minor engaging in sexually

explicit conduct and such visual depiction is of such conduct."

18 U.S.C. § 2256(1) defines a minor as any person under the age

of 18 years.  18 U.S.C. § 2256(2)(A) defines "sexually explicit

conduct" as "actual or simulated (i) sexual intercourse,

including genital-genital, oral-genital, anal-genital, or oral-

anal, whether between persons of the same or opposite sex; (ii)

bestiality; (iii) masturbation; (iv) sadistic or masochistic

abuse; or (v) lascivious exhibition of the genitals or pubic area

of any person."  18 U.S.C. § 2256(5) defines a "visual depiction"

to include "undeveloped film and videotape, and data stored on

computer disk or by electronic means which is capable of

conversion into a visual image."

    4.   Since this affidavit is being submitted for the limited

purpose of securing a search warrant, I have not included each

and every fact known to me concerning this investigation.  I have

set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of violations of 18 U.S.C. § 2252 will be located in the AOL records described above.

## AGENT BACKGROUND

5.    I have been employed as a Special Agent of the FBI since August 1998 and am currently assigned to the Washington, D.C. Field Office, Northern Virginia Resident Agency located in Falls Church, Virginia, and where I am assigned to the Innocent Images of the Cyber Crime Squad.  Since joining the FBI, I have investigated violations of federal law including violent crime, cyber crime to include online enticement of minors, sexual exploitation of minors, and child pornography. Presently, I investigate violations of federal statutes concerning child pornography and the sexual exploitation of children.  I have gained experience through training in seminars, classes, and everyday work related to conducting these types of investigations.

6.    As a federal agent, I am authorized to investigate violations of laws of the United States and I am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

7.    The statements contained in this Affidavit are based on my experience and background as a Special Agent and on

4

information provided by other federal agents of the FBI, and upon

computer forensic personnel of the United States Department of

Justice.

## COMPUTERS AND THE INTERNET

8.     Based on my knowledge, training, and experience, and

the experience of other law enforcement officers, I have

knowledge of the Internet and how it operates. I know that the

Internet is a worldwide computer network which connects computers

and allows communications and transfer of information and data

across state and national boundaries. Individuals who utilize the

Internet can communicate by using electronic mail (hereinafter

"e-mail") and/or Instant Messages (hereinafter "IMs"). The

following paragraphs describe some of the functions and features

of the Internet as it relates to the subject of this search

warrant.

9.     The term "computer," as used herein, is defined

pursuant to 18 U.S.C . § 1030(e) (1), as "an electronic,

magnetic, optical, electrochemical, or other high speed data

processing device performing logical, arithmetic, or storage

functions, and includes any data storage facility or

communications facility directly related or operating in

conjunction with such device."

A.     Internet Service Providers ("ISPs")

10.   Individuals who have an Internet account and an

Internet based e-mail address must have a subscription,

membership, or affiliation with an organization or commercial

service which provides access to the Internet. A provider of

Internet access and services is referred to as an Internet

Service Provider or "ISP."  One such ISP is America On-Line

("AOL"), 22000 AOL Way, Dulles, Virginia 20166.

        B.    Electronic Mail ("E-Mail")

11.  E-mail is an electronic form of communication which

usually contains written correspondence and graphic images.  It

is similar to conventional paper mail in that it is addressed

from one individual to another and is usually considered private.

An e-mail usually contains a message "header" which generally

displays the sender's e-mail address, the recipient's e-mail

address, and the date and time of the e-mail transmission.

12.  If a sender chooses to do so, he or she can type a

subject line into the header. E-mail message "headers" usually

contain information, such as identification of the sender's ISP,

which enables law enforcement officers to trace the message back

to the original sender.

        C.   Instant Messages ("IMs")

13.  Instant Messages (IMs) allow individual users of the

Internet to send and receive messages in real time. Individual

users can also transmit photographs or graphic files in real time

during an IM "session". In order to communicate via IMs, users

6

must be simultaneously logged on to the Internet using a unique
"screen name". The user's "screen name" (often not the user's own
name) may not be one already chosen and in use by another user
during the same session.  Oftentimes, IM sessions transpire
between users who are visiting the same "Chatrooms."

14.  "Chatrooms" are usually named based on a topic of
interest. Users can locate a chatroom in which they have an
interest, as described by the chatroom's name.

D.    Internet Relay Chat and File Servers

15.  Internet Relay Chat (IRC) is a method of communication
available to Internet users through the use of special software.
The communication between users is made possible by a network of
computers known as servers.  The special IRC software, known as
an IRC client, acts as the gateway to access the IRC servers.
The software accepts data, usually text, from the user and sends
it to the IRC server(s).  The data is then distributed by the
server(s) and received by the IRC client in use by another user.
The sender of the data can select whether the message is viewed
by all users or by only certain users.  Thus, it is possible to
'chat' in a public forum, or, more privately, user to user.

16.  Another function available to IRC users is the ability
to create a direct client to client (DCC) connection between two
users.  One of the ways to establish a DCC connection is through
use of a special software program known as a File Transfer

Protocol or FTP program.  Once established, this type of

connection allows one user (the guest) to directly access a

portion of the other user's (the host's) hard drive or other

storage medium.  The host computer is known as a "file server" or

"F-Serve" because it is set up to serve files to other users.  In

order to access an F-serve, the guest user enters a password

(known as a "trigger") that the host has posted on the IRC

channel.  Once the guest types the password, he can access the

host's computer (now a file server) and transfer (download) files

from the host's computer.  Once the transfer is completed, the

direct connection is terminated and the users resume 'chatting'

as before.  The files obtained may be items such as written

documents or graphic images which have been scanned and recorded

in computer format.

### AMERICA ONLINE

17.  I know from my training and experience that it is common

practice for those involved in obtaining child pornography via the

Internet to communicate with others with similar interests via the

Internet utilizing e-mail, instant messages, and chatroom services

of Internet Service Providers in committing the crimes.

18.  America Online (AOL) is a commercial computer service

that offers ISP services to its subscribers.  AOL offers electronic

message bulletin boards enabling subscribers to post messages that

can be read by other AOL subscribers.  It also provides e-mail and

chatroom services.  Each AOL subscriber has access to a computer

which communicates through a modem connected to a telephone line with the central computer system operated by AOL in Virginia. Through e-mail and IMs, subscribers can send messages to other e-mail subscribers (whether they are AOL subscribers or not) and attach files to those messages. These files (in computer format) may be items such as written documents, or graphic image files which may be photographs that have been scanned into the computer system. Both types of files can be printed out by anyone who has "downloaded" them and who has access to a printer.

19. AOL subscribers are able to use screen names during communications which in many cases do not provide the subscriber's true name or identifying data. In addition, the subscriber can fill out a subscriber profile which corresponds to the subscriber's screen name. However, the subscriber can put any identifying data into this profile. There is no check by AOL or anyone else as to the accuracy of subscriber information entered in this profile. Subscribers can easily access the identifying data entered in any other subscriber's profile.

20. AOL maintains records pertaining to its subscribers. These records include subscriber information, account access information, e-mail transaction information, account application information, and other information which records the activities and interactions of these accounts.

21. Any e-mail that is sent to an AOL subscriber is stored in the subscriber's "mail box" on AOL's computer until the subscriber connects to the AOL computer and retrieves his or her messages.

After the subscriber retrieves a particular message, that message can remain for approximately 3 days, after which time it is purged by AOL. Unread messages remain on the AOL system for approximately 27-28 days before they are purged by AOL.

22. When the subscriber sends an e-mail, it is initiated at a personal computer, transferred via modem to AOL's system, and then transmitted to its destination. The sender can delete an e-mail message, thereby eliminating it from his e-mail box maintained at AOL, but that message will remain in the recipient's e-mail box if the recipient opened the e-mail first.

23. An AOL subscriber can also store files, including e-mails and image files, in the computer located at AOL in Virginia, in his account or any other account to which he has access. These are not automatically purged by AOL after the 27-28 day time period, but are rather maintained within AOL's computer as long as the subscriber chooses to store the file there.

## FACTS SUPPORTING PROBABLE CAUSE

24. On October 13, 2004, a lead computer specialist of the United States Department of Justice, Criminal Division, Child Sexual Exploitation and Obscenity Section, High Tech Investigative Unit, logged onto the Internet Relay Channel(IRC) system in an undercover capacity and entered a channel known as "#100%PRETEENBOYSEXPICS".

25. While in the channel, #100%PRETEENBOYSEXPICS",the lead forensic computer specialist observed that an individual using the

nickname, "BRUCEDC" was running an active file server.  The lead computer forensic specialist entered that channnel by typing the provided trigger word, "!BruceDC," and in doing so, was connected to BRUCEDC's file server via Direct Client Connect(DCC), which allowed the lead computer forensic specialist to view the file-server's directory comprised of seven folders with titles such as, "HMBOYS, LILBOYSROOM, LITTLEBOYZ, NEWBOYS, PICS, SOUNDS, and VIDS".

26.  The lead computer forensic specialist then was able to view several images by requesting files from previously listed folders.  I have reviewed these images and have determined that the majority of them are visual depictions of minors engaging in sexually explicit conduct as defined by 18 U.S.C. Section 2256(2).

27.  While online, the lead computer forensic specialist queried the IRC server to ascertain the Internet Protocol ("IP") address assigned to BRUCEDC, and the IRC server indicated that the corresponding IP address was 68.32.164.59.

28.  Pursuant to an administrative subpoena, records obtained from Comcast Cable Company indicated that the IP address, 68.32.164.59 was assigned to Bruce Schiffer of 1815 10th Street, N.W., Washington, D.C. 20001, on that date and time that the lead computer forensic specialist downloaded images of child pornography as previously described herein.

29.  On October 27, 2004, the affiant received a lead from the FBI Oklahoma City Office where a federal agent working in an

undercover capacity logged onto IRC on October 13, 2004, and entered the channel, #100%PRETEENBOYSEXPICS. The federal agent observed a file server operated by BRUCEDC. The federal agent typed the trigger, !BruceDC and was able to download 32 image files from BRUCEDC. I have reviewed these images and based on my training and experience, have found the majority of these image files to be visual depictions of minors engaging in sexually explicit conduct as defined by 18 U.S.C. Section 2256(2).

30. The federal agent identified BRUCEDC's IP address as 68.32.164.59 and later served an administrative subpoena upon Comcast Cable Company, which revealed the owner of the IP address, 68.32.164.59 on that date and time to be Bruce Schiffer, 1815 10th Street, N.W., Washington, D.C. 20001.

31. On November 23, 2004, the affiant received a lead from a State Trooper of the Bureau of Criminal Investigation, Computer Crime Division, Pennsylvania State Police. The lead indicated that he logged onto IRC on November 18, 2004 and entered the channel, #100%PRETEENBOYSEXPICS, wherein he observed a file server operated by BruceDC. By typing in the trigger, !BruceDC, the state trooper was connected to BRUCEDC's file server and was able to download numerous pictures and video files from BRUCEDC.

32. I have reviewed the image and video files that were downloaded by the State Trooper and based upon my training and experience have determined that they are files that contain visual

depictions of minors engaging in sexually explicit conduct as defined by 18 U.S.C. Section 2256(2).

33.   The State Trooper identified BRUCEDC's IP address as 68.32.164.59 and then issued an administrative subpoena to Comcast Cable Company, which indicated that the IP address of 68.32.164.59 belonged to Bruce Schiffer of 1815 10th Street, N.W., Washington, D.C. 20001 on that date and time.

34.   As a result of the information in paragraphs 30-39 and further investigation, on January 14, 2005, members of the FBI Innocent Images Cyber Crime Squad conducted a search of the residence where BRUCE ALLEN SCHIFFER resides, 1815 10th Street, N.W., Apartment A, Washington , D.C. 20001 pursuant to a search warrant issued by the District Court, Washington, D.C.

35.   During the search, BRUCE ALLEN SCHIFFER admitted that he was the sole user and subscriber of the AOL screen name, brucerocksdc@aol.com and that he operated a file server on IRC using the nickname, BRUCEDC.

36.   On February 4, 2005, an administrative subpoena was issued to America Online for accounts subscribed to by BRUCE ALLEN SCHIFFER and the AOL screen name brucerocksdc.   A response was received on April 1, 2005 from AOL for the AOL account of BRUCE ALLEN SCHIFFER, P.O. BOX 33511, Washington, D.C. 20033, daytime and evening telephone number, (202)297-9178, account #0187490098, listing two screen names, brucerocksdc and aboizworld.

37.   Examination of the computers seized during the search described in paragraph 40 revealed a substantial collection of visual depictions of minors engaged in sexually explicit conduct.

38.   On June 10, 2005, BRUCE ALLEN SCHIFFER was arrested at his residence located at 1815 10th Street, N.W., Apartment A, Washington, D.C. 20001, pursuant to a Federal Grand Jury Indictment with the following eleven counts, including Advertising Child Pornography, in violation of 18 U.S.C. § 2251(d), Transporting Child Pornography, in violation of 18 U.S.C. §2252(a)(1), Receiving Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4).

39.   Prior to his arrest, BRUCE ALLEN SCHIFFER was employed as a waiter at a restaurant on the premises of which was located a personal computer.

40.   On June 16, 2005, your affiant was contacted by BRUCE ALLEN SCHIFFER'S former employer, who manages the restaurant and owns the personal computer there.  The employer observed that an AOL account with folders designated with the following screen names, brucerocksdc, brucerocksnn, and aboizworld had been set up on her personal computer without her knowledge nor her consent. Your affiant has learned that BRUCE ALLEN SCHIFFER has ties to Newport News, Virginia and suspects that the "nn" in "brucerocksnn" may derive from his connections to Newport News.  Your affiant has

reason to believe that all of BRUCE ALLEN SCHIFFER's use of the employer's computer may have begun very shortly after the seizure of his computers at his home occurred and continued until shortly before his arrest.

41.  Recently, the employer and two other persons employed by the establishment accessed the Internet via AOL, opened the abovementioned folders, and all observed a photo file that depicted a semi nude male with an erect penis who appeared to be 14-18 years of age with his shirt pulled behind his head.  None of them had any knowledge of how such a photo came to be on the computer.  The employer became aware of BRUCE ALLEN SCHIFFER's arrest and contacted the authorities.

### CONCLUSION

42.  On the basis of the above described facts, I respectfully submit that there is probable cause to believe that BRUCE ALLEN SCHIFFER has used the Internet to receive and possess files containing images of child pornography in violation of Title 18 U.S.C. § 2252.

43.  I further submit that a search of the AOL accounts subscribed to by or associated with BRUCE ALLEN SCHIFFER, as described in paragraphs 1 and 2 above, may yield evidence of violations of Section 2252 by BRUCE ALLEN SCHIFFER.

44.  I, therefore, respectfully request that this Court issue a search warrant authorizing a search for all AOL records

described below for the following accounts:  (1) all accounts

associated with screen names "brucerocksdc", "brucerocksnn", and

"aboizworld",  (2) all accounts associated with or subscribed to

by BRUCE ALLEN SCHIFFER.   The records to be seized are records

and stored electronic information related to the accounts

described above: (1) subscriber information (including subscriber

names, addresses, telephone records, records of session times and

durations, length of service and types of service utilized,

telephone or instrument numbers or other subscriber numbers or

identities, including any temporarily assigned network addresses,

including internet protocol ("IP") addresses; screen names,

account numbers, status of account, duration of account, and

method of payment); (2) account history (including customer Terms

of Service and staff complaints); (3) detailed billing records

(including date, time, duration, and screen name used each time a

particular account was activated); (4) the existence and content

of all "favorite" sites, whether saved or deleted; (5) "chat"

communications sent by or received by the accounts, whether saved

or deleted; (6) e-mail sent by or received by the accounts,

whether saved or deleted, opened or unopened, whether contained

directly in the e-mail account or in a customized "folder;" (7)

any and all "AOL Profiles" associated with BRUCE ALLEN SCHIFFER

and/or the screen names associated with the AOL accounts utilized

by BRUCE ALLEN SCHIFFER, to include the AOL Profile for

"brucerocksdc", "brucerocksnn", and aboizworld"; and (8) any and

all AOL "address books"  and/or any "buddy list" maintained by

the accounts.


_____ _____
                                  Special Agent Audrey McNeill
                                  Federal Bureau of Investigation



Subscribed to and sworn before
me this ___ day of June, 2005.



_____

UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE SEARCH OF ANY )
AND ALL ACCOUNTS HELD IN THE NAME  )    Misc. No.
OF BRUCE ALLEN SCHIFFER, screen    )
names, brucerocksdc@aol.com,       )
brucerocksnn@aol.com, and          )
aboizworld@aol.com MAINTAINED      )
AT AMERICA ONLINE, INC.            )
22000 AOL WAY                      )
DULLES, VIRGINIA 20166             )

**SCHEDULE A**
**LIST OF ITEMS TO BE SEIZED**

Log files of all activity (including dates, times, method of connection, port, dial-up, and/or location) relating to the account(s) of:

BRUCE ALLEN SCHIFFER,
AOL screen names "brucerocksdc", "brucerocksnn", and/or
 "aboizworld"
1815 10th Street , N.W.
Washington, D.C. 20001
      and/or
P.O. Box 33511
Washington, D.C. 20033

All business records, in any form kept, in the possession of America Online, Inc., 22000 AOL Way, Dulles, Virginia, which pertain to the above captioned account(s), to include, but not be limited to, the subscriber information (including subscriber names, addresses, telephone records, records of session times and durations, length of service and types of service utilized, telephone or instrument numbers or other subscriber numbers or identities, including any temporarily assigned network addresses, including internet protocol ("IP") addresses; all screen names associated with that subscriber and account, all account numbers, status and duration of the account, and method of payment,) account history including terms of service complaints and staff complaints, and detailed billing records (listing date, time, duration, and screen name used each time a particular account is activated), the existence of favorite sites, whether saved or deleted, chat communications sent by or received by the accounts, whether saved or deleted, all e-mail sent to, sent from, or received by the subscriber whether saved or deleted, opened or unopened, any address books, buddy lists, and account profiles associated with any of the screen names associated with BRUCE

ALLEN SCHIFFER and brucerocksdc@aol.com, brucerocksnn@aol.com, and/or aboizworld@aol.com, whether saved or deleted.